&c., iron ore found in the land, they had no property in the ore that would support an action of trover for the same.

4th. That the effect of the word "all" in this grant is not to give an exclusive right as against the grantor. It describes the extent to which the license may be exercised, not its exclusiveness. It is a grant of a right to take ore without stint, and is aptly compared to a right of common in gross sans nombre, which does not exclude the lord or owner of the land out of which it is granted.

5th. That such a right is indivisible, and unless the plaintiff as assignee is clothed with the whole, he has nothing, and cannot support this suit as against the owner of the land.

6th. And lastly: That the Case of Lord Mountjoy as reported by several authoritative reporters, and among them, by Lord Coke in his Commentary, is directly in point on both parts of the case, and rules it. Its authority has never been questioned; and the application of its doctrines to this case results in a conclusion which accords with our reason, and our sense of justice.

## Case No. 5,849a.

### GRUBB v. CLAYTON.

[Brunner, Col. Cas. 30; [1] 2 Hayw. (N. C.) 378.]

Circuit Court, D. North Carolina. 1805.

DISMISSAL OF ACTION—EFFECT OF—LIMITATION TO ACTION BY CREDITOR OF DECEASED PERSON.

1. A dismissal of a bill, except upon the merits, is no bar to a subsequent bill for the same cause.

2. If there be no administrator of a deceased creditor to bring suit, the act of 1789 requiring creditors in the state to bring their actions within three years cannot operate as a bar.

At law.

PER CURIAM. This cause was instituted formerly in Wilmington superior court. The act of 1715 was pleaded, and thereupon a case was made and stated for the court of conference, who decided that the said Act 1715, c. 48, § 9, was in force. The plaintiff's counsel then replied to the plea, and after the replication the whole bill was dismissed on their motion; that is to say, on the motion of the plaintiff's counsel. The suit was then instituted in this court, and the defendant's counsel have pleaded the former dismission in bar. We are of opinion that was not a dismission upon the merits considered of and decided by the court, and therefore that the plea in bar is not good. There is also another plea in bar, namely, Act 1789, c. 23, § 4, by which it appears that this suit was not commenced within three years from the qualification of the executors, though there was an administrator of Grubb in England. Now as there was no administrator in this country,

there was no person in being who could demand the debt, of course no creditor to be barred. The words of the act are: "The creditors of any person deceased, if they reside without the limits of this state, shall within three years from the qualification of the executor or administrator, exhibit and make demand," etc., "and if any creditor shall hereafter fail to demand and bring suit for the recovery," etc., "he shall forever be debarred," etc. The plaintiff, therefore, is not within the body of the act. We need not consider whether an exception shall be allowed of, which is not expressly mentioned in the act.

## Case No. 5,850.

### GRUNDY v. YOUNG.

[1 Cranch, C. C. 443.] [1]

Circuit Court, District of Columbia. July Term, 1807.

ERROR—SUPERSEDEAS—INJUNCTION.

Motion for judgment on a forthcoming bond given on the original judgment, which had been enjoined. The injunction was dissolved on the 29th of April, 1807. The writ of error was taken out on the 14th of May, 1807. THE COURT rose on the 30th of April, 1807.

Judgment on the bond and execution awarded; the writ of error to the decree of dissolution being no supersedeas to the original judgment at law.

[NOTE. Case No. 5,851 was an action of debt upon the injunction bond. In 6 Cranch (10 U. S.) 51, the appeal from the interlocutory decree dissolving the injunction was dismissed in an opinion by Chief Justice Marshall. The bill in equity seeking to obtain relief from the judgment was dismissed by the circuit court upon final hearing, and the complainant appealed to the supreme court (7 Cranch [11 U. S.] 548), which, in an opinion by Mr. Justice Livingston, affirmed the decree.]

## Case No. 5,851.

### GRUNDY v. YOUNG.

[2 Cranch, C. C. 114.] [1]

Circuit Court, District of Columbia. Nov. Term, 1815.

INTEREST—ON JUDGMENT DELAYED BY INJUNCTION.

A plaintiff at law, (in Alexandria, D. C.,) after dissolution of injunction, having taken out his execution, and obtained satisfaction of his judgment at law, cannot, in an action upon the injunction bond, recover the interest which accrued upon his judgment while he was delayed by the injunction.

Debt upon an injunction bond, to recover interest on a judgment at law during the pendency of the injunction. The condition of the bond was, that the complainant should pay "all money, and tobacco, and costs due,

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

or to become due to the plaintiff in the action at law, and also such costs as shall be awarded against him, in case the injunction shall be dissolved." Grundy, the plaintiff at law, after the dissolution of the injunction, took out an execution upon his judgment and obtained satisfaction.

[Grundy recovered judgment at law against Young, who filed a bill in the circuit court of the District of Columbia to be relieved therefrom. An interlocutory decree was passed dissolving the injunction. On appeal therefrom the supreme court (per Mr. Chief Justice Marshall) held "no appeal or writ of error would lie to an interlocutory decree dissolving an injunction." 6 Cranch (10 U. S.) 51. Upon final hearing the bill was dismissed. Case No. 5,850, affirmed on appeal 7 Cranch (11 U. S.) 548. Grundy then satisfied his judgment by execution, and brought this suit upon the injunction bond.]

THE COURT (nem. con.) instructed the jury that the plaintiff cannot, upon this bond, recover interest upon the judgment at law, after having received full satisfaction of that judgment, under his execution.

---

## Case No. 5,852.

### GRUNNINGER v. PHILPOT et al.

[5 Biss. 82.] [1]

Circuit Court, N. D. Illinois. May, 1869.

PLEADING FAILURE OF CONSIDERATION — PARTIAL FAILURE—FRAUDULENT REPRESENTATIONS.

1. In this defense to a note the plea should allege distinctly and with precision the actual consideration, and that there never was any other.

2. The plea should set up to what extent and wherein there has been a failure.

3. Fraudulent representations should be fully stated, with all necessary incidents of time and circumstance, and also that the party entered into the contract and gave the note relying upon such representations.

[This was an action on a promissory note, brought by Alice B. Grunninger, as executrix, against Brian Philpot and others. Plaintiff demurs to the pleas.]

O. K. A. Hutchinson, for plaintiff.

Gookins & Roberts and John G. Rogers, for defendants.

DRUMMOND, District Judge. I think that these pleas should be amended.

The history of the case, as stated in the pleas, seems to be that several persons agreed to form a joint stock company, the capital of which was to consist of various oil wells which they were to run; that the deceased, whom the present executrix represents, agreed to be a party to this arrangement and transfer certain portions of his interest which he had in the oil wells and oil lands, etc., to this company; and that as a

part of the consideration of his entering into this agreement the note, which is the subject matter of this suit, was given by these defendants. The allegations set forth in the pleas are that the consideration has failed in whole or in part; also that there were some misrepresentations made by Mr. Grunninger.

The question is whether the account is presented with that distinctness and precision which the rules of pleading require in order to constitute a defense; and in looking over the pleas, to which the demurrer has been interposed, viz., the 3d, 4th, 5th, 6th and 7th pleas, it has struck me that they are wanting in that precision of language and distinctness of averment that are necessary. I will state, in the first place, what I understand to be the rule in such cases. When the defense is the failure of consideration to an action on a promissory note, either in whole or in part, the plea should allege distinctly and with precision what was the consideration for which the note was given, and that there was no other consideration. Where the plea alleges a total failure of consideration, it should also state that the consideration has failed, and should set forth in what respect, and where the plea alleges a partial failure of consideration it should set forth to what extent there has been a partial failure and wherein; not that as to the amount it is absolutely necessary that the proof should correspond with the plea in that respect, but the court should see from the averment in the plea to what extent there has been a failure of the consideration where a partial failure of consideration is relied upon. Where fraudulent representations are relied upon it must appear what they were, with all the necessary incidents of time and circumstance, and also that the party, relying upon the representations that were made, entered into the contract and gave the note, also of course alleging, as in the other case, what was the consideration, and the only consideration, of the note.

The third plea does not distinctly set forth what was the only consideration of the note, and it also sets forth that there was some fraud and deceit practiced by Mr. Grunninger; "that if they would purchase from him a certain interest which he pretended to have in certain oil lands situated in the county of Venango, Pa., for a certain price, he would become a party to the enterprise which is referred to in the second plea, upon the terms proposed in a writing obligatory," —which writing obligatory, by the way, is not very distinctly set forth. "And thereupon the said defendants executed to the said Lawrence Grunninger the said promissory note in the said first and second counts in said plaintiff's declaration mentioned." There is no statement here as to what was the only consideration upon which that note was given. What was the consideration? Why the note was executed is one thing. There may